UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

JURY TRIAL DEMANDED

COMPLAINT

# 00 CV 10555 MLW

STEVEN DELACRUZ INDIVIDUALLY,
IDALIS DELACRUZ , a minor by STEVEN DELACRUZ,
her father and next friend, and ALEXANDRA DELACRUZ

Plaintiffs

-vs-

CITY OF LOWELL, POLICE CAPTAIN WILLIAM TAYLOR,
(Individually and in his Official Capacity
as a former Police Lieutenant of the City of Lowell)
POLICE CHIEF EDWARD DAVIS, III,(Individually and in his Official
Capacity as Police Chief of the City of Lowell)
TEN OTHER PRESENTLY UNKNOWN POLICE OFFICERS,
(Individually and in their Official Capacities
as Police Officers of the City of Lowell),
BRIAN MARTIN,(Individually and in his Official Capacity
as City Manager of the City of Lowell) and
EILEEN DONOGHUE, (Individually and in her Official
Capacity as Mayor of the City of Lowell)

Defendants

RECEIPT # _____ 2/021
AMOUNT $ ___ 150.00
SUMMONS ISS. ___ yes
LOCAL RULE 4.1 _____
WAIVER OF SERV. _____
MCF ISSUED _____
AO 120 OR 121 ___ no
BY DTY CLK ___ J.C.
DATE ___ 5-23-00



## I. INTRODUCTORY STATEMENT

1. This is a civil action seeking monetary damages to redress the
constitutional and statutory violations suffered by Steven
Delacruz an hispanic, his minor child Idalis Delacruz, and his
wife Alexandra Delacruz at the hands of (12) named and unnamed
police officers of the City of Lowell, former Police Lieutenant
and present Police Captain William Taylor,Police Chief Edward
Davis, III, the City Manager and Mayor of the City of Lowell.
2. Plaintiff allege that on March 25, 1997 ,several fully armed
police officers of the City of Lowell acting under color of law
and acting in conformity with established customs and practices
of the Lowell Police Department initiated a warrantless search of
Steven Delacruz's residence located at 85 Richardson Street,
Apartment 1, Lowell, Massachusetts without probable cause and in
violation of incorrect information gathered by Lt. Taylor and
other members of the Lowell Police Department targeted the wrong
apartment for a drug raid resulting in a illegal search and
seizure. Once Lt. Taylor and other Lowell Police Officers went
into Steven Delacrux's residence and knowing full well that
Steven Delacruz nor any other plaintiff who resided in the
apartment were the targets of the drug raid used unreasonable and
unjustified excessive force and physical brutality against Steven
Delacruz. The plaintiff Steven Delacruz incurred physical and

2.

emotional injuries, and plaintiffs Alexandra Delacruz and their minor child incurred emotional injuries.

## II JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343 (1),(3) and (4) and 28 U.S. C. Section 1331 which gives this Court jurisdiction over matters concerning the deprivation of constitutional and civil rights guaranteed by 42 U.S.C. Section 1983. This action is brought pursuant to 42 U.S.C. Section 1983,42 U.S.C. Section 1985(3), 42 U.S.C. Section 1986, and 42 U.S. C. Section 1988 for violation of the First, Fourth, Fifth, Ninth and Fourteenth Amendment to the United States Constitution. Plaintiffs further invoke the pendent jurisdiction of this Court to adjudicate claims under Massachusetts law.

## III PARTIES

4. Plaintiff Steven Delacruz Individually , who was at all material times herein a hispanic resident of the City of Lowell, Massachusetts. He is the father of Idalis Delacruz who is a minor, and is the husband to Alexandra Delacruz. On March 25, 1997, he resided with his wife and their minor child at 85 Richardson Street, Apartment 1, Lowell, MA. The plaintiff and his family now reside in the City of Haverhill.

5. Plaintiff Idalis Delacruz is a minor who sues through her father and next friend Steven Delacruz.The Plaintiff child was at all material times herein a resident of the City of Lowell, Massachusetts. Idalis Delacruz was eight months old on March 25, 1997 at the time of the incident. She now resides in the City of Lowell, Massachusetts with her mother and father.

6.Plaintiff Alexandra Delacruz, who was at all material times herein a hispanic resident of 85 Richardson Street, Apartment 1 City of Lowell, Massachusetts. The plaintiff now resides with her family in the City of Haverhill.

7.DEFENDANT CITY OF LOWELL (hereinafter"City") is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts and at all times relevant hereto employed, TAYLOR, DAVIS, CITY MANAGER MARTIN,CITY MAYOR DONOGHUE,and DEFENDANT OFFICERS. The CITY is liable for the actions of all defendant police officers, mayor, and manager, as the CITY maintained polices, or customs in reckless and callous indifference to the rights of citizens of Lowell, including the Plaintiffs,by failing to properly investigate and corroborate information prior to drug raids,by failing to properly supervise police officers and by failing to properly train police officers and supervisors.

8. DEFENDANT former POLICE LIEUTENANT and present POLICE CAPTAIN WILLIAM TAYLOR (hereinafter "TAYLOR") was at all material times a duly, employed, appointed and acting officer of the Lowell Police

4.

Department. On March 25, 1997 TAYLOR held the rank of Police
Lieutenant. He is at present a Police Captain of the City of
Lowell. TAYLOR is sued individually and in his official capacity
as a supervisory Police Officer of the City of Lowell.

9. DEFENDANT POLICE CHIEF EDWARD DAVIS (hereinafter "DAVIS" or
"POLICE CHIEF) was the Police Chief of the City of Lowell on
March 25, 1997. As such , he was the commanding officer of TAYLOR
and DEFENDANT OFFICERS, and was responsible for their training,
supervision and as police officers. He is also responsible by law
for executing the official polices, customs, and rules and
regulations of the City of Lowell pertaining to police officers,
enforcing the regulations of the Lowell Police Department and
ensuring that Lowell Police Officers obey the laws of the
Commonwealth of Massachusetts and the United States while they
are on duty as police officers. His edicts or acts represent the
official policy of the City of Lowell pertaining to police
duties, actions, responsibilities, training , supervision,
conduct and all other matters connected with Lowell Police
Department. DAVIS is sued individually and in his official
capacity as Chief of Police.

10. DEFENDANT BRIAN MARTIN CITY MANAGER (hereinafter "CITY
MANAGER" or "MARTIN" ) was the City Manager of the City of Lowell
on March 25, 1997 at the time of the unlawful drug raid. Acting

as such, he was responsible for the overall training and conduct
of the City of Lowell Police Department. He was also responsible
by law for ensuring that Lowell Police Officers obey the
regulations of the Lowell Police Department and the laws of the
Commonwealth of Massachusetts and the United States. CITY MANAGER
MARTIN is sued individually and in his official capacity as the
City Manager of the City of Lowell.

11. DEFENDANT EILEEN DONOGHUE (hereinafter "MAYOR DONOGHUE"
or"DONOGHUE") was the Mayor of Lowell on March 25, 1997 at the
time the unlawful drug raids.Acting as such, she was responsible
for the overall training and conduct of the City of Lowell Police
Department. She was also responsible by law for ensuring that
Lowell Police Officers obey the regulations of the Lowell Police
Department and the laws of the Commonwealth of Massachusetts and
the United States. MAYOR DONOGHUE is sued individually and in her
official capacity as the Mayor of Lowell.

12. DEFENDANT TEN CURRENTLY UNNAMED POLICE OFFICERS
(hereinafter "DEFENDANT OFFICERS") were at all material times
herein duly employed, appointed and acting officers of the
Lowell Police Department. They are sued individually and in their
official capacities as Police Officers of the City of Lowell.
They were all present at the botched drug raid on March 25, 1997.

6.

13. At all times relevant to this Complaint, TAYLOR, DAVIS, MARTIN, DONOGUE, and DEFENDANT OFFICERS were acting under the color of law , i.e. under color of statutes, ordinances, regulations, polices, customs, and usages of the Commonwealth of Massachusetts and /or City of Lowell, and pursuant to their authority as police officers, Police Chief, Mayor and City Manager.

IV. COMPLIANCE WITH MASSACHUSETTS TORT CLAIMS ACT

14.  The Plaintiffs have fully complied with the requirements of the Massachusetts Tort Claims Act, M.G.L. c. 258.

    a.   The CITY is a "public employer" within the meaning of M.G.L. c.258, section 1;

    b.   Plaintiffs seek recovery for the negligence of one or more "public employees",acting within the scope of (their) office or employment, "within the meaning of M.G.L. c. 258, sections 1 and 2;

    c.   Plaintiffs,through counsel, presented their claims in writing to the executive officers of the CITY on March 22,1999 within two years of the date upon which the cause of action arose, all pursuant to and in compliance with  M.G.L. c. 258, section 4;

7.

d.    Said executive officers of the CITY, denied such claim in writing within six months of the date on which it was presented, failed to respond within six months to the claim, and/or otherwise failed to reach final arbitration, settlement, or compromise of such claim, according to the  provisions of M.G.L. c. 258, section 4 and 5; and

e.    Plaintiffs filed their complaint within three years after the date upon which the cause of action accrued, pursuant to M.G.L. c. 258, section 4.


FACTUAL ALLEGATIONS


15. On March 25, 1997 Plaintiff Steven Delacruz was residing at 85 Richardson Street, Apartment 1, Lowell, Massachusetts with his daughter Plaintiff Idalis Delacruz and his wife Plaintiff Alexandra Delacruz.

16. At approximately 4:30 P.M. Plaintiff Steven Delacruz was playing with his 8 month year old infant daughter Idalis while watching television.

17. Defendant Taylor and Other Unknown Defendant Lowell Police Officers without identifying themselves knocked on Defendant Steven Delacruz's apartment door and stated they were from Mias Pizza and had a pizza delivery for Plaintiff Delacruz.

8.

18.Defendant Steven Delacruz without opening the apartment door stated to Defendant Taylor and other Defendant Officers he had not ordered a pizza.

19.Defendant Taylor and Defendant Officers without identifying themselves rammed down Plaintiff Delacruz's door with battering rams and with their guns drawn unlawfully entered Plaintiff Delacruz's apartment.

20. Once in the apartment an Unknown Defendant Lowell Police Officer hit Plaintiff Delacruz in the ribs on his left side knocking Plaintiff Delacruz into two walls causing Plaintiff Steven Delacruz to hit his head against one of the walls.

21.An Unknown Defendant Lowell Police Officer then hip tossed Plaintiff Delacruz onto the apartment kitchen floor.

22.While Plaintiff Delacruz was on the kitchen floor a second Unknown Defendant Officer then jumped on Plaintiff Delacruz as he laid on the floor and held him to the floor.

23. Plaintiff Delacruz offered no resistance nor poised any physical threats to Defendant Taylor and/or Defendant Officers at any time.

24. After a period of time Defendant Taylor and Defendant Officers entered Apartment 2, 85 Richardson Street and searched that apartment for drugs.

9.

25. No drugs were found in Plaintiff Delacruz's apartment or Apartment 2, 85 Richardson Street,Lowell, Massachusetts.

26. Defendant Taylor and Defendant Officers re-entered Plaintiff Steven Delacruz's apartment and Defendant Taylor apologized for the mistake and stated,"We are sorry, if you need anything give us a call."

27.On information and belief Defendant Taylor and Defendant Officers failed to properly investigate or corroborate informant's information prior to the warrantless botched drug raid.

28.On information and belief DAVIS, MARTIN, and DONOGHUE, knew that TAYLOR and DEFENDANT OFFICERS had exhibited physical tenancies in the past and used excessive force in their dealings with hispanics throughout the City of Lowell and failed to supervise them during the investigation and the drug raid of March 25, 1997.

29. On information and belief DAVIS did not supervise TAYLOR and/or DEFENDANT OFFICERS on this investigation nor did DAVIS assign a supervisor to TAYLOR DEFENDANT OFFICERS for this investigation.

30.Plaintiffs allege that TAYLOR failed to restrain DEFENDANT OFFICERS from striking Plaintiff Steven Delacruz even though

10.

"Delacruz" was not resisting arrest or detention,being uncooperative or physically threating TAYLOR or DEFENDANT OFFICERS.

31. Plaintiff Idalis Delacruz was taken from Plaintiff Steven Delacruz by the DEFENDANT OFFICERS and placed in the apartment unattended to during the botched drug raid.

32.The Plaintiffs allege TAYLOR, and other DEFENDANT OFFICERS who participated in the drug raid failed to restrain DEFENDANT OFFICERS from using excessive force and police brutality on Plaintiff Steven Delacruz.

33.Plaintiff Steven Delacruz sustained physical injuries to his head,ribs, back and arms and was seen at the Haverhill Municipal (Hale)Hospital and treated by other health care providers for his physical injuries that were received at the hands of DEFENDANT OFFICERS. Further these injuries occurred due to TAYLOR and DEFENDANT OFFICERS failure to restrain DEFENDANT OFFICERS from using excessive force and physical brutality.

34. Plaintiff Steven Delacruz sustained emotional injuries and suffers from distress, headaches,and nightmares.

35.Plaintiff Idalis Delacruz was 8 months of age on march 25, 1997. For several days after the raid she was unable to sleep or eat. During that time she experienced emotional and physical problems.

36. Plaintiff Alexandra Delacruz who was not present during the drug raid suffered loss of consortium, ,comfort, companionship and society from her husband Plaintiff Steven Delacruz and her daughter Plaintiff Idalis Delacruz.

37. Plaintiff Idalis Delacruz suffered loss of expected care, assistance, society, companionship,comfort, guidance and counsel from her mother and father Plaintiffs Steven Delacruz and Alexandra Delacruz.

38. The "Plaintiffs" were forced to move from Lowell to Haverhill due to the constant fear that they would be attacked and beaten by members of the Lowell Police Department after the botched drug raid.

## COUNT I

Violation of 42 U.S.C. Section 1983 by TAYLOR,DAVIS,MARTIN, DONOGHUE AND DEFENDANT OFFICERS

39. The Plaintiff's Steve Delacruz, Alexandra Delacruz, and Idalis Delacruz reallege and incorporates Paragraphs one (1) through thirty-eight (38) herein by reference.

40. By their acts and omissions under color of statutes, ordinances, regulations, customs and/or usages of the Commonwealth of Massachusetts and/or City of Lowell, and as a direct and proximate result of:

a. a warrantless entry and unreasonable search and seizure into the Plaintiff's first floor apartment at 85 Richardson Street, Lowell, Massachusetts;

b. the unreasonable and unjustified use of excessive force and police brutality;

c. the unlawful detention;

d. the invasion of the right to privacy ;

e. interference with family relationships;

f. verbal abuse, and harassment;

g. illegal interrogation; and

h. denial of medical attention.

DAVIS, TAYLOR, MARTIN, DONOGHUE AND DEFENDANT OFFICERS subjected or caused the above-named Plaintiffs to be subjected to the deprivation of their rights, privileges and immunities as secured by the Constitution and laws of the United States, including but not limited to the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, all in violation of 42 U.S.C. Section 1983.

COUNT II

Violation of 42 U.S.C. Section 1983 by TAYLOR, and DAVIS

41.  Plaintiffs:  Steven Delacruz, Idalis Delacruz, and Alexandra

13.

Delacruz reallege and incorporate Paragraphs one (1) through
forty (40) herein by reference.

42.   Prior to March 25, 1997 TAYLOR AND DAVIS developed and
maintained policies whereby they failed to exercise supervision
over subordinate officers in the police department, failed to
coordinate the proper supervision of subordinate officers, failed
to properly review the use of confidential informants,  failed to
properly train, supervise and discipline subordinate officers
regarding constitutional restraints on the police power to enter
and search residences and in the use of  force to effectuate said
searches, failed to discipline subordinate officers who had used
unreasonable and unjustified excessive force in the City of
Lowell, failed to supervise, discipline and terminate violent and
mentally unstable subordinate officers, failed to develop and
administer policies regarding the use of corporal punishment by
subordinate officers, failed to develop and administer policies
regarding hiring and training, failed to provide policies which
pertain to the administering of medical attention and failed to
discipline subordinate officers who harassed Hispanics,
throughout Lowell.

43.   In establishing and following these practices, TAYLOR AND
DAVIS exhibited callous and deliberate indifference to the

14.

constitutional rights of the citizens and residents of Lowell

including Plaintiffs: Steven Delacruz, Idalis Delacruz and

Alexandra Delacruz.

44.   The practices and policies of TAYLOR and DAVIS enabled

DEFENDANT OFFICERS to disregard the Plaintiffs' Constitutional

rights.

45.   The practices of TAYLOR and DAVIS caused the deprivation of

the Plaintiffs' constitutional rights as secured but not limited

to the Fourth, Fifth and Fourteenth Amendments, in violation of

42 U.S.C. Section 1983.

COUNT III


Violation of 42 U.S.C. Section 1983 by DAVIS, MARTIN and DONOGHUE


46.   Plaintiffs:  Steven Delacruz, Idalis and Alexandra Delacruz

reallege and incorporate Paragraphs one (1) forty-five (45)

herein by reference.

47.   Prior to March 25, 1997 DAVIS, MARTIN and DONOGHUE developed

and maintained policies or customs which caused the violation of

the Plaintiffs' Constitutional rights.

48.   Prior to March 25, 1997 DAVIS, MARTIN and DONOGHUE permitted

and tolerated a pattern and practice of unjustified, unreasonable

and illegal searches of homes in Hispanic, African-American, and

lower income Caucasian areas of Lowell.

15.

49.  Although such warrantless entries and the use of excessive
force were improper, the officers involved were not prosecuted,
disciplined, or subject to retraining.  As a result, Lowell
Police Officers were caused and encouraged to believe that lower
income areas could be subject to warrantless entries,
unreasonable searches and seizures and the use of unreasonable
excessive force and that such abuses of Constitutional rights
would be permitted by DAVIS, MARTIN and DONOGHUE.

50.  The use of unreasonable and unjustified excessive force,
police brutality by Lowell Police Officers occurred not only
during the course of drug raid and in lower income areas, but was
widespread throughout the City of Lowell. DAVIS, MARTIN and
DONOGHUE failed to prosecute, discipline, sanction or retrain the
police officers that were involved.

51.  Although DAVIS, MARTIN and DONOGHUE should have known that
this pattern of conduct existed, the failed to stop or endeavor
to stop this course of conduct or take disciplinary action
against the officers who participated in the use of excessive
force  and executing such warrantless entries and searches in
violation of the Constitution of the United States.

52. Prior to March 25, 1997 DAVIS, MARTIN and DONOGHUE permitted
and tolerated policies and customs to develop within the Police
Department regarding the use of unreasonable and unjustified

16.

excessive force and also regarding confidential informants, and

the level of supervision wielded over subordinate officers.

These policies and practices share a common disregard for the

Constitutional rights of citizens of Lowell.

53.DAVIS, MARTIN and DONOGHUE are directly responsible for the

acts of TAYLOR and DEFENDANT OFFICERS because they repeatedly and

knowingly failed to enforce the federal laws described above,

thereby creating within the Lowell Police Department an

atmosphere of lawlessness in which police officers, including

TAYLOR and DEFENDANT OFFICERS disregard the protection of the

Fourth, Fifth, and Fourteenth Amendment, in the belief that such

acts will be condoned and justified by their superiors.

54. In addition to permitting a pattern of practice or improper

searches and seizures and the use of unreasonable and unjustified

excessive force in Lowell,DAVIS, MARTIN and DONOGHUE failed to

maintain a proper system for the investigation of all incidents

of excessive force or of warrantless searches.

55.DAVIS, MARTIN and DONOGHUE were deliberately indifferent to

the rights of persons to be free from unreasonable seizures of

person and property, from the use of warrantless searches, from

the use of unreasonable and unjustified excessive force, and such

other rights which are guaranteed under the Constitution and laws

of the United States.

17.

56.DAVIS, MARTIN and DONOGHUE are directly responsible for the injuries the Plaintiffs' sustained along with all the deprivations of their civil and constitutional rights because each Defendant failed to adequately train, supervise or discipline and in any other way control, TAYLOR and DEFENDANT OFFICERS.

COUNT IV

Violation of 42 U.S.C. Section 1983 by MARTIN, DAVIS,DONOGHUE

57.  Plaintiffs:  Steven Delacruz,Idalis Delacruz, Alexandra Delacruz  reallege and incorporate Paragraphs one (1) through fifty-six (56)) herein by reference.

58. On March 25, 1997 MARTIN,DAVIS AND DONOGHUE developed and maintained policies or customs which caused the violations of the Plaintiffs' Constitutional rights.

59. On March 25, 1997 MARTIN, DAVIS and DONOGHUE permitted and tolerated a pattern and practice of unjustified and unreasonable excessive force, harassment, invasion of privacy and interference with family relationships.  The excessive force, verbal abuse, harassment, invasion of privacy, and interference with family relationships were targeted against the Plaintiffs in this civil action.

18.

60.  Although such constitutional violations were improper, officers involved were not prosecuted, disciplined, or subject to retraining.  As a result, Lowell Police Officers were caused and encouraged to believe that such abuses of Constitutional rights would be permitted by DAVIS, DONOGHUE and MARTIN..

61.  Although DAVIS, DONOGHUE and MARTIN should have known that this pattern of conduct existed, they failed to stop or endeavor to stop this course of conduct or to take disciplinary action against the officers who participated in the above listed constitutional violations.

62. On March 25, 1997 DAVIS, DONOGHUE and MARTIN permitted and tolerated policies and customs to develop within the Police Department.  These policies and practices share a common disregard for the constitutional rights of the Plaintiffs.

63. DAVIS , MARTIN, and DONOGHUE are directly responsible for the acts of TAYLOR and DEFENDANT OFFICERS because they repeatedly and knowingly failed to enforce the federal laws described above, thereby creating within the Lowell Police Department an atmosphere of lawlessness in which police officers, including TAYLOR and DEFENDANT OFFICERS disregard the protection of the Fourth, Fifth, and Fourteenth Amendments, in the belief that such acts will be condoned and justified by their superiors.

64.  In addition to permitting a pattern or practice of verbal abuse, harassment, invasion of privacy, unreasonable excessive

19.

force and interference with family relationships, MARTIN, DAVIS
and DONOGHUE have failed to maintain a proper system for the
investigation of all incidents involving the above violations.
65.MARTIN, DAVIS and DONOGHUE have been deliberately indifferent
to the rights of the Plaintiffs to be free from verbal abuse,
excessive force, harassment, invasion of privacy, interference
with family relationships and the ability to live peacefully in
the City of Lowell and such other rights which are guaranteed
under the Constitution and laws of the United States.
66.MARTIN, DAVIS and DONOGHUE are directly responsible for the
Constitutional violations listed above and for the reason why the
Plaintiffs were all compelled to move out of the City of Lowell.
Each Defendant failed to adequately train, supervise, or
discipline and in any other way control TAYLOR and DEFENDANT
OFFICER

### COUNT V

Violation of 42 U.S.C. 1983 by CITY OF LOWELL - Failure to
Adequately Discipline, Train, and Sanction Police.
67.   Plaintiffs: Steven Delacruz,Idalis Delacruz and Alexandra
Delacruz  reallege and incorporate Paragraphs one (1) through
sixty-six (66) as referenced herein.

68.  Defendant CITY OF LOWELL, as a matter of policy and
practice, has with deliberate indifference, failed to adequately
discipline, train, or otherwise direct Police Officers concerning
the rights of citizens, thereby causing DAVIS, TAYLOR and
DEFENDANT OFFICERS to engage in the unlawful conduct described
above.

69.  Defendant CITY OF LOWELL, as a matter of policy and
practice, has with deliberate indifference, failed to properly
sanction or discipline police officers, including the above
listed Defendants in this case, for violations of the
constitutional rights of citizens, thereby causing police,
including Defendants in this case, to engage in unlawful conduct.

70.  Defendant CITY OF LOWELL, as a matter of policy and
practice, has with deliberate indifference, failed to sanction or
discipline police officers, including the above Defendants in
this case, who are aware of and subsequently conceal violations
of the constitutional rights of the citizens by other police
officers, thereby causing and encouraging police, including
defendants in this case, to engage in unlawful conduct.

71.  The actions of the above listed Defendants, acting under
color of state law, deprived plaintiffs of their rights,

21.

privileges and immunities under the laws and Constitution of the
United States;  in particular, the rights to be free from
unreasonable search and seizure of person and property, from the
use of  defective warrants, and to be free from the excessive use
of force.

72.  The above policies and customs of the Defendant CITY OF
LOWELL were the moving force behind the acts of the above named
defendant police officers as described above.

73.  By these actions, the above named defendants have deprived
Plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth
Amendments to the United States Constitution, in violation of
U.S.C. 1983

COUNT VI

Violation of Massachusetts Civil Rights Act M.G.L. c. 12, by
TAYLOR and DEFENDANT OFFICERS

74.  Plaintiffs:  Steven Delacruz,Idalis Delacruz and Alexandra
Delacruz reallege and incorporate Paragraphs one (1) through
seventy-three (73) herein by reference.

22.

75. The acts of TAYLOR and DEFENDANT OFFICERS violated the
Plaintiffs' civil rights as provided for in M.G.L. c. 12, Section
11I, by threats, intimidation, and coercion.

76. As a direct and proximate result of the violations of M.G.L.
c. 12, Section III, the Plaintiffs suffered the damages described
above.

COUNT VII

Violation of Rights Secured by the Massachusetts Declaration of
Rights by MARTIN,DAVIS, TAYLOR, DEFENDANT OFFICERS, and DONOGHUE

77. Plaintiffs: Steven Delacruz, Idalis Delacruz and Alexandra
Delacruz reallege and incorporate Paragraphs one (1) through
seventy-six (76) herein by reference.

78. By means of the acts alleged above,
MARTIN,DAVIS,TAYLOR,DEFENDANT OFFICERS and DONOGHUE interfered
with the exercise and enjoyment of the Plaintiffs' rights under
Article 14 of the Massachusetts Declaration of Rights to be free
from unreasonable searches.

79. As a direct and proximate result of the violations of the
Plaintiffs' rights as secured by Article 14 of the Massachusetts
Declaration of Rights, the Plaintiffs suffered the damages
described above.

23.

COUNT VIII


Violation of Rights Secured by the Massachusetts Declaration of
Rights by DAVIS,MARTIN, TAYLOR, DEFENDANT OFFICERS, and DONOGHUE


80.  Plaintiffs: Steven Delacruz,Idalis Delacruz, Alexandra
Delacruz reallege and incorporate Paragraphs one (1) through
seventy-nine (79) herein by reference.

81. By means of the acts alleged above DAVIS,TAYLOR,DEFENDANT
OFFICERS,MARTIN and DONOGHUE interfered with the exercise and
enjoyment of their rights under Article 14 of the Massachusetts
Declaration of Rights to be free from unreasonable seizures of
his person.

82.  As a direct and proximate result of the violations of the
Plaintiffs' rights as secured by Article 14 of the Massachusetts
Declaration of Rights, the Plaintiffs suffered the damages
described above.


COUNT IX


Violation of Rights Secured by the Massachusetts Declaration of
Rights by DAVIS,TAYLOR,MARTIN, DONOGHUE, and DEFENDANT OFFICERS


83.  Plaintiffs, Steven Delacruz ,Idalis Delacruz, and Alexandra

24.

Delacruz reallege and incorporate Paragraphs  one (1) through
eighty-two (82) herein by reference.

84. By means of the acts alleged DAVIS,TAYLOR, MARTIN , DONOGHUE,
and DEFENDANT OFFICERS denied the Plaintiffs their rights to
equal protection of the laws in violation of Article 1 of the
Massachusetts Declaration of Rights.

85.  As a direct and proximate result of the violations of the
Plaintiffs' rights as secured by Article 1 of the Massachusetts
Declaration of Rights, the Plaintiffs suffered the damages
described above.


                            COUNT X


Violation of Rights Secured by the Massachusetts Declaration of
Rights by DAVIS, MARTIN, TAYLOR,DONOGHUE,and DEFENDANT OFFICERS


86.  Plaintiffs: Steven Delacruz,Idalis Delacruz and Alexandra
Delacruz reallege and incorporates Paragraphs one (1) through
eighty-five (85) herein by reference.

87. By means of the acts alleged above,MARTIN, TAYLOR,DONOGHUE
and DEFENDANT OFFICERS,and DAVIS deprived Plaintiffs of their
liberty and property without due process of law in violation of
Article 12 of the Massachusetts Declaration of Rights.

                            25.

COUNT XI

Violation of Massachusetts Equal Rights Law, M.G.L. c.93 s. 102,

by MARTIN,DAVIS, TAYLOR,DONOGHUE, and DEFENDANT OFFICERS

88.  Plaintiffs:  Steven Delacruz ,Alexandra Delacruz, and Idalis

Delacruz reallege and incorporate Paragraphs one (1) through

eighty-seven (87) herein by reference.

89.By means of the acts alleged

above,MARTIN,DAVIS,TAYLOR,DONOGHUE and DEFENDANT OFFICERS

deprived the Plaintiffs Steven Delacruz,Idalis Delacruz and

Alexandra Delacruz of "the full and equal benefit" of the laws in

violation of M.G.L. c.93 Section 102.

90.  As a direct and proximate result of the violations of M.G.L.

c.93 Section 102, the above-mentioned Plaintiffs suffered the

damages described above.

COUNT X


Assault by  DAVIS,DONOGHUE,TAYLOR, MARTIN, DEFENDANT OFFICERS and
the CITY OF LOWELL

91.Plaintiffs:Steven Delacruz reallege and incorporates
Paragraphs one (1) through ninety (90) herein by reference.

92.  By means of the acts alleged above,
DAVIS,TAYLOR,DONOGHUE,MARTIN,DEFENDANT OFFICERS and the CITY OF
LOWELL willfully, maliciously, and without legal justification or
provocation did attempt, with force or violence, to do injury to
the Plaintiff Steven Delacruz.

93.  By means of the conduct alleged above DAVIS,
TAYLOR,DONOGHUE,MARTIN, DEFENDANT OFFICERS and the CITY OF LOWELL
did cause the Plaintiff Delacruz reasonable belief and/or fear
that physical harm to themselves would result from said conduct.

94. The said conduct constituted assaults upon the Plaintiff
Delacruz for which DAVIS,TAYLOR,DONOGHUE,MARTIN,DEFENDANT
OFFICERS and the CITY OF LOWELL are liable to the Plaintiff under
the laws of the Commonwealth of Massachusetts.

95.  The CITY of LOWELL is liable to the Plaintiff Steven
Delacruz for this conduct under the doctrine of respondeat
superior.

COUNT XI

Battery by DAVIS,TAYLOR,DONOGHUE,MARTIN,DEFENDANT OFFICERS and
the CITY OF LOWELL

96.  Plaintiff Steven Delacruz  reallege and incorporates
Paragraphs one (1)  through ninety-five (95) herein by reference.
97. By means of the conduct alleged herein DAVIS,TAYLOR,DONOGHUE,
MARTIN,DEFENDANT OFFICERS and the CITY of LOWELL without legal
justification or provocation, did intentionally, offensively and
without privilege touch, beat, punch,and kick,(etc.)(and not
limited to) and restrain the above named Plaintiff as described
above.

98.  Such conduct described above and herein constitutes a
battery against the above named Plaintiff for which
MARTIN,DAVIS,TAYLOR,DONOGHUE,DEFENDANT OFFICERS and the CITY of
LOWELL are liable under the laws of the Commonwealth of
Massachusetts for the damages caused to Plaintiffs as described
above on March 25, 1997.

99.  The CITY of LOWELL is liable for this conduct under the
doctrine of respondeat superior.

COUNT XII

Trespass by DAVIS, TAYLOR, DEFENDANT OFFICERS, DONOGHUE, MARTIN
and the CITY of LOWELL

100.  Plaintiffs: Steven Delacruz,Idalis Delacruz and Alexandra

Delacruz reallege and incorporate Paragraphs one (1) Ninety-nine (99) herein by reference.

101.By their conduct DAVIS, TAYLOR, DEFENDANT OFFICERS,DONOGHUE,MARTIN and the CITY OF LOWELL trespassed upon the above Plaintiffs premises.

102.As a result of their acts alleged above,DAVIS,TAYLOR,DEFENDANT OFFICERS, MARTIN,DONOGHUE and CITY OF LOWELL are liable to the above named Plaintiffs for the damages caused by the trespass upon the Plaintiffs' premises.

103. The CITY of LOWELL is liable for this conduct under the doctrine of respondeat superior.


                              COUNT XIII

False Imprisonment by DAVIS,DONOGHUE,MARTIN, TAYLOR,DEFENDANT OFFICERS  and the CITY of LOWELL.

104.  Plaintiffs: Steven Delacruz and Idalis Delacruz reallege and incorporates Paragraphs one (1) through one hundred and three (103) herein by reference.

105. On March 25, 1997 DAVIS,DONOGHUE,MARTIN,TAYLOR,DEFENDANT OFFICERS and the CITY OF LOWELL wrongfully, unlawfully, and intentionally, and without any warrant or pretense of legal process, imprisoned and confined the Plaintiffs, Steve Delacruz and Idalis Delacruz and deprived them of their liberty.

                              29.

106. By reason of the foregoing, the above named Plaintiffs were deprived of their liberty and subjected to public derision by those knowing of their detention and were otherwise damaged.

107. As a result of their acts alleged above DAVIS,DONOGHUE,MARTIN,TAYLOR, **DEFENDANT OFFICERS** and the CITY of LOWELL are liable to the above named Plaintiffs for the damages caused by the false arrest of the Plaintiffs.

108. The CITY of LOWELL is liable for this conduct under the doctrine of respondeat superior.

COUNT XIV

Intentional Infliction of Emotional Distress upon the Plaintiffs: Steve Delacruz and Idalis Delacruz by DAVIS,DONOGHUE,MARTIN,TAYLOR,DEFENDANT OFFICERS and the CITY of LOWELL.

109.   The above named Plaintiffs reallege and incorporate Paragraphs one (1) through one hundred eight (108) herein by reference.

110. The conduct of DAVIS,DONOGHUE,MARTIN,TAYLOR,DEFENDANT OFFICERS and the CITY of LOWELL described above was intentional, outrageous, and without privilege or justification.

111.DAVIS, DONOGHUE,MARTIN,TAYLOR, DEFENDANT OFFICERS and the CITY of LOWELL intended by their conduct to inflict emotional

30.

distress upon Plaintiffs, Steven Delacruz and Idalis Delacruz or knew or should have known that emotional distress was the likely consequence of such actions.

112.The said conduct caused the above named Plaintiffs extreme emotional distress.

113. The CITY of LOWELL  is liable for this conduct under the doctrine of respondeat superior.

COUNT XV

Negligent Infliction of Emotional Distress upon the Plaintiffs Steven Delacruz,Idalis Delacruz,Alexandra Delacruz  by MARTIN,DONOGHUE,TAYLOR, DAVIS, DEFENDANT OFFICERS and the CITY of LOWELL.

114.  The above named Plaintiffs reallege and incorporate Paragraphs one (1) through  (113) herein by reference.

115.By their action as set forth above,MARTIN,DONOGHUE,TAYLOR,DAVIS,DEFENDANT OFFICERS and the CITY of LOWELL negligently caused the Plaintiffs:  Steven Delacruz, Idalis Delacruz, and Alexandra Delacruz to suffer severe emotional harm and distress.

31.

116. The Plaintiffs' emotional harm and distress was manifested in the following physical symptoms:

    a.  Plaintiff, Steven Delacruz physical injuries to the head,ribs, arms , back;

    b.  Plaintiff, Idalis Delacruz crying; screaming, failure to eat;

    c.  Plaintiff Alexandra Delacruz headaches, crying.

117. Reasonable persons would have suffered similar emotional distress if subjected to circumstances similar to those alleged herein.

118.  The CITY of LOWELL is liable for this conduct under the doctrine of respondeat superior.

COUNT XVI

IDALIS DELACRUZ'S Claims for Loss of Parental Consortium and Society Against MARTIN, DAVIS, DONOGHUE,TAYLOR,DEFENDANT OFFICERS and the CITY of LOWELL.

119.The above Plaintiff Child Idalis Delacruz through her father Steven Delacruz reallege and incorporate Paragraphs one (1) through one-hundred and eighteen (118) herein by reference.

120.  By reason of the intentional and negligent acts and omissions of MARTIN,DAVIS,DONOGHUE,TAYLOR, DEFENDANT OFFICERS and the CITY of LOWELL, the Plaintiff Child Idalis Delacruz has suffered a loss of expected care, assistance, society,

32

companionship, comfort, guidance and counsel of her father Steven
Delacruz and  mother Plaintiff Alexandra Delacruz.

121.   The CITY of LOWELL is liable for this conduct under the
doctrine of respondeat superior.

COUNT XVII

Violation of Civil Rights under 42 U.S.C. s. 1985 (3) by
MARTIN, DAVIS, DONOGHUE, DEFENDANT OFFICERS, and TAYLOR

122  Plaintiffs:  Steve Delacruz, Idalis Delacruz and Alexandra
Delacruz reallege and incorporate Paragraphs one (1) through one
hundred and twenty-one (121) herein by reference.

123. MARTIN, DAVIS, DONOGHUE, TAYLOR and DEFENDANT OFFICERS
conspired to deprive Plaintiffs Steven Delacruz, Idalis Delacruz
and Alexandra Delacruz of their rights and privileges under the
Constitution and did as a direct and proximate result of their
actions in furtherance of said conspiracy injure the Plaintiffs
and deprive them of said rights and privileges in violation of 42
U.S.C. s. 1985 (3).

COUNT XVIII

Violation of Civil Rights Under 42 U.S.C. s. 1986 by MARTIN,
DONOGHUE, TAYLOR, DEFENDANT OFFICERS, DAVIS

124.   Plaintiffs:  Steve Delacruz, Idalis Delacruz, and Alexandra
Delacruz reallege and incorporate Paragraphs one (1) through one
hundred twenty-three (123) herein by reference.

33.

125.MARTIN,DONOGHUE,TAYLOR,DEFENDANT OFFICERS,and DAVIS  had
knowledge of the wrongful conduct alleged herein, had the power
to prevent or aid in preventing said conduct from occurring to
the Plaintiffs and refused or neglected to do so, in violation of
42 U.S.C. s. 1986.

COUNT XXIV

Violation of Rights Secured by the Constitution of the United
States by MARTIN,TAYLOR,DEFENDANT OFFICERS,DAVIS,and DONOGHUE
126.  Plaintiffs:Steven Delacruz, Idalis Delacruz and Alexandra
Delacruz reallege and incorporate Paragraphs one (1) through
twenty-five (125) herein by reference.
127.By means of the acts alleged above,MARTIN,TAYLOR, DEFENDANT
OFFICERS,DAVIS and DONOGHUE interfered with Plaintiffs, Steven
Delacruz, Idalis Delacruz and Alexandra Delacruz's  exercise and
enjoyment of the rights secured by the Constitution of the United
States, including:

    a.  Freedom from unreasonable seizure of property;

    b.  Freedom from deprivation of his liberty without due
process of law;

    c.  Freedom from the use of excessive and unreasonable
force;

    d.  The right to be secure in their person;

    e.  The right to due process and equal protection of the
law;                              34.

f.   Such other rights, including those set forth above, which are guaranteed under the Constitution and laws of the United States.

COUNT XXV

Negligence by MARTIN, DAVIS, TAYLOR, DEFENDANT OFFICERS, DONOGHUE and the CITY of LOWELL

128.  Plaintiffs, Steven Delacruz, Idalis Delacruz, and Alexandra Delacruz  reallege and incorporate Paragraph one (1) through one-hundred twenty-seven (127) as herein stated.

129. MARTIN, DAVIS, DONOGHUE, DEFENDANT OFFICERS, and TAYLOR and the CITY of LOWELL were negligent in the survailance of 85 Richardson Street, Apartment 1, Lowell, MA. prior to the botched drug raid. The above Defendants targeted the wrong apartment and their negligence proximately caused the illegal warrantless search of the Plaintiffs' apartment and injuries to Plaintiffs: Steven Delacruz, Idalis Delacruz and Alexandra Delacruz.  The Defendants were also negligent in the search of Plaintiffs ' person and residence and said negligence was the proximate cause of the injuries stated above.

130.  Alternatively MARTIN, DAVIS, DEFENDANT OFFICERS, TAYLOR along with the CITY of LOWELL were negligent and proximately caused injuries to the Plaintiffs by:

a. negligently failing to provide adequate supervision to the subordinate officers prior to and during the drug raid;

35.

b.    negligently failing to develop and administer
policies regarding hiring, retention and training;

c.    negligently failing to inform subordinate officers of
the use of corporal punishment; and

d.    negligently retaining unstable subordinate officers.
Wherefore the Plaintiffs pray that this Court hold the Defendants
negligent and hold the Defendants jointly and severable liable to
the Plaintiffs for all injuries and losses which the Plaintiffs
incurred.


COUNT XXVI

STATE CLAIMS

PENDENT JURISDICTION--AGAINST TAYLOR,DAVIS,DONOGHUE,DEFENDANT
OFFICERS,MARTIN AND THE CITY OF LOWELL

131.  Plaintiffs:  Steven Delacruz, Idalis Delacruz and Alexandra
Delacruz reallege and incorporate Paragraphs 1 through 130
as herein stated.

132.The acts and conduct of the defendants alleged in the above
stated cause of action constitute assault and battery, false
imprisonment , intentional infliction of emotional distress,
outrageous conduct, invasion of privacy, negligence, gross
negligence, the negligent , hiring and supervision, denial of
freedom of expression,denial of liberty,intentional interference
with parental rights, loss of consortium,interference with family

36.

relations, marriage and a place to reside,state and civil rights
and constitutional guarantees under the laws of the Commonwealth
of Massachusetts and this Court has pendent jurisdiction
to hear and adjudicate said claims.

133. Wherefore the Plaintiffs pray that this Court hold the
Defendants jointly and severally liable to the Plaintiffs for all
of the injuries sustained from the above stated cause of state
action.

DAMAGES

134. As a direct and proximate result of the deprivation of the
Plaintiffs: Steven Delacruz, Idalis Delacruz, and Alexandra
Delacruz state,federal and common law rights by:
MARTIN,TAYLOR, DAVIS, DEFENDANT OFFICERS, DONOGHUE,and the CITY
OF LOWELL the above plaintiffs have suffered serious bodily
injuries, great pain of body, and mind, loss of the enjoyment of
life, incurred medical expenses, impairment of earning capacity,
impairment of future earning capacity, pain and suffering denial
of civil rights, liberty and other losses.

Wherefore the Plaintiffs demand the following relief jointly and
severally against all DEFENDANTS:

1. Compensatory damages;

2.Punitive damages;

3. the cost of this action;

4. reasonable attorney's fees under 42 U.S.C. section 1988,

5. such other relief as the Court may deem appropriate and just.

THE PLAINTIFFS' DEMAND A TRIAL BY JURY ON ALL ISSUES

Respectfully submitted
by the Plaintiffs;

William J. Bougioukas BBO560387
One Washington Square
P.O. Box 311
Haverhill, MA. 01831
(978) 374-4710

3-23-00

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STEVEN DELACRUZ
ET. ALS

## DEFENDANTS

CITY OF LOWELL
ET. ALS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  ESSEX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  MIDDLESEX
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

WM. J. BOUGIOUKAS 50087
ONE WASHINGTON SQ. P.BOX 34
HAVERHILL MA 01831

ATTORNEYS (IF KNOWN)

CITY COUNSEL

00 CV 10555 MLW

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1343 (1), (3) (4), 28 U.S.C. 1331
42 U.S.C. SECTION 1983, 1985, 1986 Violation of civil Rights etc.
Excessive Force
Police Misconduct

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23   NO

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE  N/A

DOCKET NUMBER

DATE  3-23-00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _STEVEN DRLACRUT et als._
   _J. CITY OF LOWELL  F.T. AL_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
   SHEET. (SEE LOCAL RULE 40.1(A)(I)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
               740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371
               380, 385, 450, 891.

**00 CV 10555 MLW**

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _N/A_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   _No_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
   INTEREST? _No_
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _N/A_

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28
   USC 2284? _No_

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
   COUNTY) - (SEE LOCAL RULE 40.1(C)). YES _N/A_ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN,
   HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _N/A_

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
   DISTRICT? YES _N/A_ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF
   RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _EASTERN_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY
    OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _N/A_ OR
    WESTERN SECTION _N/A_

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _WILLIAM J. BOUGIELAS_
ADDRESS _ONE WASHINGTON SQ  P.O. BOX 311  LAWRENCE MA_
_01831_
TELEPHONE NO. _978-274-4710_

(Category.frm - 09/92)